No. 10,862.

THE STATE OF LOUISIANA VS. JAMES WILSON.

Previous threats of the deceased against the defendant are not admissible in evi-
dence when the homicide is the result of the invitation of the defendant to the
accused to fight with him.

Previous threats of deceased against defendant are not admissible in evidence,
unless some threat or hostile demonstration has been made by him against
defendant on the immediate occasion of the homicide.

A PPEAL from the Twenty-fourth District Court for the Parish of
Plaquemine. Livaudais, J.

*W. H. Rogers,* Attorney General for the State, Appellee:

---

*Francis Lory,* Jr. and *Chas. J. Gauthreaux* for Defendant and Appellant.

---

The opinion of the court was delivered by

McEnery, J.   The accused was indicted for manslaughter, tried, convicted and sentenced to imprisonment at hard labor for five years. He has appealed from the verdict and sentence.

This case comes up on one bill of exception taken to the ruling of the trial judge in excluding testimony as to previous threats of the deceased against the defendant.

In the motion for a new trial the bill of exception was reserved, and the exclusion of the evidence was urged as a reason for a new trial.

In his reasons for overruling the motion, the trial judge says, "that no overt act of violence was shown to have been made at any time immediately preceding the homicide,—the evidence showing that the deceased was not advancing upon the accused, but following him upon his invitation to fight on the public road."

It is stated in the brief of counsel for the defendant, that when the deceased and the accused were going to the public road to fight, the deceased made a hostile demonstration against the accused, of such character as to impress him with the belief that his life was in danger.   It is evident that no previous threats of the deceased against the accused could have any connection with this last hostile demonstration, if it occurred, as alleged.

It sprang from the more recent cause, incited by the defendant, the invitation to the deceased to fight with him.

There was, however, no foundation laid for the introduction of the evidence.   No threat or hostile demonstration has been made by the deceased on the immediate occasion of the killing.

The evidence was clearly inadmissible.   State vs. Jackson, 33 An. 1087; 32 An. 1084, 1098, 1117, 473; 31 An. 302, 379; 30 An. 341, 679; 29 An. 593; 21 An. 473; 10 An. 453; 9 An. 46; 5 An. 589.

Judgment affirmed.